UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
    Plaintiffs

     vs.

J. MICHAEL LANDSCAPING, INC.,
    Defendant

C.A. No.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Upon the Complaint and Exhibits attached thereto and the Affidavit and Memorandum in

support of their Motion for Preliminary Injunction, the Plaintiffs, pursuant to §502(a)(3)

of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule

65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary

Injunction enjoining defendant J. Michael Landscaping, Inc. from refusing to permit an audit of

its books and records.

As grounds therefore, Plaintiffs states as follows:

1)  Based on the foregoing Complaint, Exhibits and Affidavits, Plaintiffs have
    exhibited a likelihood of success on the merits.

2)  Unless enjoined by this Court, the defendant will continue to ignore its
    obligations under the terms of the Employee Retirement Security Act of
    1974, as amended ("ERISA"), and of the Restated Agreement and

Declaration of Trust of the Health and Welfare Fund, to which it is bound, to permit auditors to audit its books in order to verify whether it made all required contributions to the appropriate funds.

3)    There is no adequate remedy at law.

4)    The Defendant's refusal to permit an audit will result in irreparable injury, loss, and damage to the Plaintiffs.

5)    The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the Defendant but will prevent irreparable injury to the Plaintiffs, and would further the public interest.

WHEREFORE, Plaintiffs move this Court to grant a preliminary injunction compelling

the Defendant and its agents to permit an audit of its books and records for the period June, 2003

to the present to determine the amount, if any, Defendant owes the Plaintiffs.  Plaintiffs further

request that they be excused from posting a bond.

Respectfully submitted,

PAUL J. MCNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  August ___, 2005

2

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion for Preliminary Injunction in this matter he made a good faith effort to communicate with Defendant's counsel in order to resolve this matter, but that his telephone calls were unreturned.

_____
Gregory A. Geiman, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by first class mail upon the defendant's counsel, Paul J. Hogan at Hogan & Associates, 63 Chatham Street, Boston, MA 02109 this 2 day of August, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-198/motion-preinj.doc