UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
    Plaintiffs

vs.

J. MICHAEL LANDSCAPING, INC.,
    Defendant

C.A. No. 05 11624 RWZ

### AFFIDAVIT OF PHILIP MACKAY

1. My name is Phil Mackay. I am the Collections Agent for the Massachusetts Laborers' Benefit Funds ("the Funds").

2. On or about June 11, 1996, J. Michael Landscaping, Inc. ("J. Michael") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of J. Michael's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

3. Because of the short form agreement, J. Michael has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2004

through May, 2007 ("Agreement"). A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

4. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked.

5. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

6. J. Michael performed work under the terms of its collective bargaining agreement between October, 2003 and November, 2004 but failed to pay all contributions due for work performed during that period.

7. The Funds have determined through remittance reports and other records that J. Michael owes $80,116.26 in fringe benefit contributions for the work performed between June, 2003 and November, 2004, plus $5,803.81 in underpayments for this period of time.

8. Further, J. Michael owes an as yet unliquidated amount in contributions for the period December, 2004 through the present. J. Michael has failed to provide remittance reports for this period of time.

9. A payroll audit is necessary to ascertain both the extent of J. Michael's liability to the Funds and the identities of its employees so that they may receive credit for benefits for the

2

hours worked.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF AUGUST, 2005.

_____
Philip Mackay

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit has been served by first class mail upon the defendant's counsel, Paul J. Hogan at Hogan & Associates, 63 Chatham Street, Boston, MA 02109 this 2 day of August, 2005.

_____
Gregory A. Geiman, Esquire

GAG/gagkrs
ARS 6306 05-198/affmackay.doc

3