# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,

        Plaintiffs

        vs.

J. MICHAEL LANDSCAPING, INC.,
        Defendant

        and

BARLETTA ENGINEERING CORPORATION;
MODERN CONTINENTAL CONSTRUCTION CO.,
INC.; and PEABODY CONSTRUCTION COMPANY,
INC.,

        Reach-and-Apply Defendants

C.A. No. 05-11624 RWZ

## MEMORANDUM IN SUPPORT OF MOTION FOR
## ATTACHMENT OF PERSONAL PROPERTY OF DEFENDANT

This is an action to enforce the terms of a collective bargaining agreement and the terms
of employee benefit plans.

Pursuant to Rule 64, Fed.R.Civ.P., M.G.L. c. 223, and Rule 4.1 Mass.R.Civ.P., Plaintiffs
Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al, are
entitled to an attachment of the Defendant's personal property if they can demonstrate that they
are reasonably likely to recover judgment in an amount equal to or greater than the amount of the

attachment over and above any liability insurance shown by the Defendant to be available to satisfy the judgment.  See International Ass'n of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D.Mass. 1995).  For the reasons stated below, Plaintiffs have satisfied the requirements for an Order of Attachment of the personal property of Defendant J. Michael Landscaping, Inc. ("J. Michael").  Specifically, Plaintiffs seek the attachment of the following property, owned by the company and utilized for business purposes:

Motor Vehicles

1.    1997 Chevrolet Truck 3500 Base Model (MA # J46750)
2.    1994 Dodge B250 Ram Van Bade Model (MA # J12237)
3.    1995 Ford F350 XL (MA # J15255)
4.    2000 Chevrolet C/K2500 Silverado Base Model (MA # H57564)
5.    1997 GMC C3500HD SL/SLE/SIERRA (MA # H52180)
6.    1998 Chevrolet 3500 Base Model (MA # G72906)

See Affidavit of Anne R. Sills ("Sills Aff."), par. 3.

I.    **PLAINTIFFS HAVE DEMONSTRATED A REASONABLE LIKELIHOOD OF PREVAILING ON THE MERITS OF THEIR CLAIMS AGAINST THE DEFENDANT.**

On or about June 11, 1996, defendant J. Michael agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements.  See Amended Verified Complaint for Delinquent Contributions and to Obtain an Audit ("Complaint"), par. 14.  A copy of J. Michael's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.  Because of the short form agreement, J. Michael has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2000 through May, 2004 ("Agreement").  Complaint, par. 15.  A copy of the relevant portions of this Agreement is attached to the Complaint as

Exhibit B.  The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees.  The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked.  Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.  Complaint, par. 16.

J. Michael performed work under the terms of its collective bargaining agreement between October, 2003 and November, 2004 but failed to pay all contributions due for work performed during that period.  Complaint, par. 19.  The Funds determined through remittance reports and other records that J. Michael owed $80,116.26 in fringe benefit contributions for the work performed between June, 2003 and November, 2004, plus $5,803.81 in underpayments for this period of time.  J. Michael has made one payment of $5,000.00 toward the fringe benefit contributions owed for June, 2003 through November, 2004, leaving a total owed of $75,116.26.  Complaint, par. 20.  Further, J. Michael owes an as yet unliquidated amount in contributions for the period December, 2004 through the present.  J. Michael has failed to provide remittance reports for this period of time.  Complaint, par. 21.  The Funds' counsel sent a demand letter to J. Michael via certified mail on June 2, 2005, seeking payment in full of the contributions and interest owed, plus all remittance reports for the period December, 2004 through the present.  Complaint, par. 22.  A copy of this letter is attached to the Complaint as Exhibit C.  J. Michael has failed to meet this demand.  Id.

Thus, J. Michael has failed and refused to pay the $75,116.26 it owes in fringe benefit contributions for the period June, 2003 through November, 2004, along with $5,803.81 in underpayments.  Complaint, par. 24.

II.    **PLAINTIFFS ARE LIKELY TO RECOVER AN AMOUNT GREATER THAN THE AMOUNT OF THE ATTACHMENT THEY SEEK.**

Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132, provides that in any action brought to enforce §1145 of ERISA, the Court shall award the Plan the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan, reasonable attorneys' fees and costs, and such other legal or equitable action as the Court deems appropriate. If the $80,920.07 in unpaid fringe benefit contributions and underpayments owed by J. Michael is paid by the end of November, 2005, the company will owe the Funds $15,023.26 in interest thereon. See Affidavit of Philip M. Mackay, par. 2. Further, J. Michael owes the Funds $6,682.30 in interest on previously late-paid contributions. Mackay Aff., par. 3. Liquidated damages of at least $16,184.01 are also due under the terms of the collective bargaining agreement. Mackay Aff., par. 4. Finally, J. Michael owes at least $2,860.00 in attorney's fees and $371.54 in costs. Sills Aff., par. 2.

Thus, in total, the evidence is sufficient to find that J. Michael is liable for $80,920.07 in unpaid and underpaid contributions through November, 2004, $15,023.26 in interest on unpaid contributions, $6,682.30 in interest on late-paid contributions, $16,184.01 in liquidated damages, and $3,231.54 in attorneys' fees and costs, for a total of $122,041.18. The motor vehicles that Plaintiffs seek to attach have an estimated combined value of $33,785.00. Kelley Blue Book Private Party Report, *available at* http://www.kbb.com (August 30, 2005).

III.    **DEFENDANT HAS INSUFFICIENT INSURANCE TO COVER PLAINTIFFS' CLAIMS.**

As this is a contract claim, insurance would generally not be available to the Defendant and an attachment of J. Michael's property is therefore allowable. In any event, the burden is on

the Defendant to show the existence of liability insurance to satisfy a prospective judgment.

Johnson v. Harris, 1991 WL 226331, *2 (D.Mass. 1991).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs request that this Court allow their Motion for

Attachment of Personal Property of the Defendant.

<div style="margin-left:40%">

Respectfully submitted,

PAUL J. McNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

</div>

Dated: December 7, 2005

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the above Memorandum in Support of Motion for Attachment of Personal Property of Defendant has been served by first class mail upon defendant, J. Michael Landscaping, Inc. by its attorney, Paul Hogan, Esquire at Hogan & Associates, 63 Chatham Street, Boston, MA  02109 and reach-and-apply defendants, Barletta Engineering Corporation at 40 Shawmut Road, Suite #200, Canton, MA  02021, Modern Continental Construction Co., Inc. at 600 Memorial Drive, Cambridge, MA  02139, and Peabody Construction Company, Inc. at 536 Granite Street, Braintree, MA  02184 this 7th day of December, 2005.

<div style="margin-left:40%">

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

</div>

GAG/gag&ts
ARS 6306 05-198/memo-attachpersprop.doc