UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR., as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND,<br>　　　　　　Plaintiffs<br><br>vs.<br><br>J. MICHAEL LANDSCAPING, INC.,<br>　　　　　　Defendant<br><br>and<br><br>BARLETTA ENGINEERING CORPORATION; MODERN CONTINENTAL CONSTRUCTION CO., INC.; and PEABODY CONSTRUCTION COMPANY, INC.,<br>　　　　　　Reach-and-Apply Defendants | C.A. No. 05-11624 RWZ |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant J. Michael Landscaping, Inc. (hereinafter "J. Michael") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction over this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

A Notice of Default was issued by the Clerk on March 24, 2006. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $116,831.64, representing contributions owed to the Funds for the period from June, 2003 through November, 2004, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs.

## FACTS

On or about June 11, 1996, defendant J. Michael agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Amended Verified Complaint for Delinquent Contributions and to Obtain an Audit ("Complaint"), par. 14. A copy of J. Michael's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A. Because of the short form agreement, J. Michael has been a party to successive collective bargaining agreements, including the agreement which is effective from June, 2000 through May, 2004 ("Agreement"). Complaint, par. 15. A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B. The Agreement, like its predecessor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe. Complaint, par. 16.

J. Michael performed work under the terms of its collective bargaining agreement between October, 2003 and November, 2004 but failed to pay all contributions due for work performed during that period. Complaint, par. 19. The Funds determined through remittance reports and other records that J. Michael owed $80,116.26 in fringe benefit contributions for the work performed between June, 2003 and November, 2004, plus $5,803.81 in underpayments for this period of time. J. Michael has made payments toward the fringe benefit contributions owed for June, 2003 through November, 2004, leaving a total owed of $76,042.18. See Affidavit of Philip M. Mackay ("Mackay Aff."), par. 2. Further, J. Michael owes an as yet unliquidated amount in contributions for the period December, 2004 through the present. J. Michael has failed to provide remittance reports for this period of time. Complaint, par. 21. The Funds' counsel sent a demand letter to J. Michael via certified mail on June 2, 2005, seeking payment in full of the contributions and interest owed, plus all remittance reports for the period December, 2004 through the present. Complaint, par. 22. A copy of this letter is attached to the Complaint as Exhibit C. J. Michael has failed to meet this demand. Id.

Thus, J. Michael has failed and refused to pay the $76,042.18 it owes in fringe benefit contributions for the period June, 2003 through November, 2004.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed. R. Civ. P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have determined via remittance reports submitted by the Defendant that J. Michael currently owes the Funds $76,042.18 in unpaid fringe benefit

3

contributions due under the Agreement through November, 2004.  Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B).  As such, the Funds have ascertained that, pursuant to the terms of the Agreement, J. Michael would owe $20,250.14 in interest on the unpaid contributions if those contributions were paid by the end of June, 2006.  See Mackay Aff., par. 2.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20% of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law) or in an amount equal to interest on the unpaid contributions, whichever is greater.  29 U.S.C. §1132 (g)(2)(C)(i) and (ii).  In the instant case, the Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions.  Twenty percent of the $76,042.18 owed by defendant J. Michael is $15,208.44.  Attorneys' fees and costs are also mandated by ERISA.  29 U.S.C. §1132(g)(2)(D).  Attorneys' fees and costs of this action are $5,330.88.  See Affidavit of Anne R. Sills.  These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor an incompetent person.  Defendant is also not in the military service.  See Affidavit of Thomas P.V. Masiello.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully submit that their Motion for Entry of Default Judgment be granted, and that judgment enter against Defendant J. Michael Landscaping, Inc. in the amount of $116,831.64, representing unpaid contributions due through

4

November, 2004, interest due on the unpaid contributions, liquidated damages, and attorneys' fees and costs of this action.

Respectfully submitted,

PAUL J. McNALLY, as he is
TRUSTEE, MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al.,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208
ggeiman@segalroitman.com

Dated:  June 5, 2006

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Memorandum in Support of Motion for Entry of Default Judgment has been served by first class mail upon Defendant, J. Michael Landscaping, Inc. by its attorney, Paul Hogan, Esquire at Hogan & Associates, 63 Chatham Street, Boston, MA  02109 and Reach-and-Apply Defendants, Barletta Engineering Corporation at 40 Shawmut Road, Suite #200, Canton, MA  02021, Modern Continental Construction Co., Inc. at 600 Memorial Drive, Cambridge, MA  02139, and Peabody Construction Company, Inc. at 536 Granite Street, Braintree, MA  02184 this 5th day of June, 2006.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 6306 05-198/memo-suppmotion-dj.doc